UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 5:15-cv-01621-CAS(DTBx) | Date | October 6, 2015 |
|---|---|---|---|
| Title | MALAGUIT V. OCWEN LOAN SERVICING, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**  (IN CHAMBERS) - PLAINTIFF'S MOTION TO REMAND (filed August 21, 2015, dkt. 13)

The Court finds this motion appropriate for decision without oral argument, Fed. R. Civ. P. 78; Local Rule 7–15, and accordingly takes the matter under submission.

## I.  INTRODUCTION

On July 7, 2015, plaintiff Rosita C. Malaguit ("plaintiff") filed a complaint in the San Bernardino County Superior Court against defendants Ocwen Loan Servicing, LLC ("Ocwen"), and Does 1-10, inclusive (collectively, "defendants"). Notice of Removal Ex. A (Compl.). On August 10, 2015, defendants filed a notice of removal on the basis of diversity jurisdiction. Notice of Removal ¶ 1. In their notice of removal, defendants contend that plaintiff is a citizen of and domiciled in California, and that defendant Ocwen is a Delaware limited liability company whose sole member, Ocwen Financial Corporation, is incorporated in Florida with its principal place of business in Georgia. Id. ¶ 7(b). Defendants further state that pursuant to 28 U.S.C. § 1332(a), the amount in controversy in plaintiff's action exceeds the sum or value of $75,000, exclusive of interest and costs. Id. ¶ 7(c).

On August 21, 2015, plaintiff filed a motion to remand this case to state court. Dkt. 13. Defendants opposed the motion on September 4, 2015, dkt. 14, and plaintiff replied on September 11, 2015, dkt. 17. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 5:15-cv-01621-CAS(DTBx) | Date | October 6, 2015 |
|---|---|---|---|
| Title | MALAGUIT V. OCWEN LOAN SERVICING, LLC, ET AL. | | |

## II. BACKGROUND

On or about January 14, 2014, plaintiff alleges that she entered into a written loan modification agreement ("Modification Agreement" or "Agreement") with defendant Ocwen regarding plaintiff's property located at 11438 Via Norte, Loma Linda, CA 92354 (the "Property"). Compl. ¶ 1. Under the Modification Agreement, plaintiff alleges that she was to pay $1,562.05 every month at a 4% interest rate through December 1, 2053. Id. ¶ 5. Plaintiff further alleges that she consistently made her mortgage payments through automatic bank remittance, id. ¶ 6, and that defendants "breached the [Agreement] on or about June/July 2014 by charging $2,555.75," id. ¶ 11. Plaintiff states that upon learning of the alleged overcharge, she "was troubled and worried [that defendant Ocwen] again wanted to redo the loan modification[,] which is a long and wearisome process." Id. ¶ 12. More specifically, plaintiff alleges that defendant Ocwen "wanted to redo the executed loan agreement which they breached," and that defendants' "commencement of a new loan modification proceeding[] upon the property lawfully belonging to plaintiff with all the production of new application [*sic*] and the volumes of documents constitutes a breach" of the covenant of good faith and fair dealing. Id. ¶ 24. Plaintiff avers that as a result of defendants' alleged breach of the Agreement, "[t]he monthly mortgage and Escrow payments have been muddled." Id. However, it is unclear from the face of the complaint whether plaintiff has continued to make mortgage payments following defendants' alleged breach and, if so, what the amount of any such payments might have been.

The complaint brings the following three claims, styled as "causes of action": (1) breach of contract; (2) "specific performance"; and (3) breach of the covenant of good faith and fair dealing. Plaintiff seeks, *inter alia*, (1) damages, (2) attorneys' fees, (3) a "declaration of the rights of the parties relative to Plaintiff's home, including a declaration that Defendants have no enforceable lien against Plaintiff's home," (4) a "preliminary injunction and permanent injunction enjoining all Defendants . . . from foreclosing on Plaintiff's home or from conducting a trustee's sale or causing a trustee's sale to be conducted," and (5) a "restraining order preventing Defendants" from offering the Property for sale. See Compl. at pp. 6-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'         JS-6

| Case No. | 5:15-cv-01621-CAS(DTBx) | Date | October 6, 2015 |
|---|---|---|---|
| Title | MALAGUIT V. OCWEN LOAN SERVICING, LLC, ET AL. | | |

### III.   LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

In order to establish removal jurisdiction over a diversity action pursuant to 28 U.S.C. § 1332, the removing defendant must demonstrate that (1) the amount in controversy exceeds $75,000, and that (2) the suit is between citizens of different states. As a general matter, removal jurisdiction is to be construed strictly, and any doubts as to removability should be resolved in favor of remanding the case to state court. See Gaus, 980 F.2d at 566. Furthermore, the removing party bears the burden of showing, "by a preponderance of evidence," that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" Campbell v. Vitran Express, Inc., 471 F. App'x 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

### IV.   DISCUSSION

Plaintiff contends that remand is required because (1) defendants' notice of removal was untimely, and (2) defendants have failed to prove by a preponderance of the evidence that plaintiff's damages, as of the date of removal, exceed the jurisdictional minimum of $75,000. Motion at 2-4. Defendants respond by arguing (1) that their removal was timely, and (2) that the amount in controversy in this action exceeds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 5:15-cv-01621-CAS(DTBx) | Date | October 6, 2015 | |
| Title | MALAGUIT V. OCWEN LOAN SERVICING, LLC, ET AL. | | | |

$75,000 because plaintiff seeks (i) a permanent injunction enjoining foreclosure on the Property, (ii) a declaratory judgment declaring that Owen has no enforceable lien against the Property, and (iii) specific performance of a loan modification which places in controversy the difference between the amounts due under the existing loan and the amounts due under the modified loan which plaintiff seeks to enforce.[1]  The Court addresses the parties' arguments below and concludes that remand is appropriate.

### A. Timeliness of Plaintiff's Motion

Under 28 U.S.C. § 1446(b)(1), the removing party must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal.  If the defendant's removal notice fails to meet the procedural requirements of section 1446(b), the court may remand the action based on the plaintiff's timely motion.  McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000), abrogated on other grounds by Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011).  Plaintiff's motion to remand first argues that defendants' notice of removal was untimely.  Motion at 2.  Plaintiff filed her complaint on July 7, 2015, dkt. 1, and served defendants on July 9, 2015.  Motion Ex. C (Proof of Service).  Therefore, August 8, 2015—30 days from the date of service—would seemingly be the final date on which defendants could file for removal.  However, August 8, 2015 was a Saturday.  Under Rule 6(a) of the Federal Rules of Civil Procedure, when a deadline falls on a Saturday, Sunday, or holiday, the deadline is extended to the following court day.  Fed. R. Civ. P. 6(a).  In this case, that day was Monday, August 10, 2015, the day on which defendants filed their notice of removal.  Accordingly, defendants' notice of removal was timely.

---

[1] As explained supra, defendant asserts, and plaintiff appears to concede, that there is complete diversity of citizenship.  Accordingly, the Court addresses below only the amount in controversy requirement of  28 U.S.C. § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 5:15-cv-01621-CAS(DTBx) | Date | October 6, 2015 | |
| Title | MALAGUIT V. OCWEN LOAN SERVICING, LLC, ET AL. | | | |

### B. Amount in Controversy

#### 1. Plaintiff's Requests for Injunctive and Declaratory Relief

Defendants argue that because the complaint seeks (1) a permanent injunction against a foreclosure sale of the Property, and (2) declaratory relief voiding Ocwen's lien against the Property, "the object of the litigation is [1] the value of the Property or [2] the value of the lien," each of which independently exceeds $75,000. Opp'n at 2; see Compl. at pp. 6-7. As defendants correctly note, "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (*per curiam*) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). Defendants accordingly cite various cases, such as Reyes v. Wells Fargo Bank, N.A., for the proposition that when "the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010); see also Opp'n at 5 (citing Delgado v. Bank of America Corp., 2009 WL 4163525, *6 (E.D. Cal. 2009); Cabriales v. Aurora Loan Servs., 2010 WL 761081, at *3 (N.D. Cal. 2010); and Garcia v. Citibank, N.A., 2010 WL 1658569, at *2 (E.D. Cal. 2010)).

Defendants' reliance upon these cases is misplaced, however, as the instant action is distinguishable from Reyes and all others defendants cite in support of their contentions. Specifically, in Reyes, the subject property *was sold* in a non-judicial foreclosure auction after plaintiffs failed to make their payments, defaulted on their loan, and received a Notice of Default. 2010 WL 2629785, at *1. Similarly, in Delgado v. Bank of America Corp., the plaintiff sought an order setting aside the sale of the subject property *after it was sold* in a non-judicial foreclosure sale following plaintiff's default. 2009 WL 4163525, at *2. Cabriales v. Aurora Loan Servs., upon which defendants also rely, involved a request to enjoin a "postponed" but still pending foreclosure of the plaintiff's property, 2010 WL 761081, at *3, and the plaintiff in Garcia v. Citibank similarly sought to enjoin a pending foreclosure, in addition to seeking rescission of the underlying $221,000 loan, 2010 WL 1658569, at *2. See also Quiroga v. Bank of Am., 2015 WL 4747978, at *4 (C.D. Cal. Aug. 10, 2015) (characterizing Reyes, Cabriales, and Garcia as cases in which "the property or loan was squarely the subject of the complaint").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 5:15-cv-01621-CAS(DTBx) | Date | October 6, 2015 | |
| Title | MALAGUIT V. OCWEN LOAN SERVICING, LLC, ET AL. | | | |

Here, although plaintiff's complaint alleges that her property "will soon be foreclosed [upon] because Ocwen reneged" the Agreement, Compl. ¶ 25, "the fact that Plaintiffs' complaint includes mention of foreclosure, and indeed seeks to enjoin a potential foreclosure, is not dispositive of whether the loan amount establishes the amount in controversy for purposes of diversity jurisdiction." Vonderscher v. Green Tree Servicing, 2013 WL 1858431, at *3 (E.D. Cal. May 2, 2013) (holding that the value of the loan or property was not the "amount in controversy" and that the court accordingly lacked jurisdiction where plaintiffs sought a loan modification but alleged they were not in default and therefore not subject to foreclosure); Vergara v. Wells Fargo Bank, N.A., 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) ("Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale *pending a loan modification*."); see also Horace v. LaSalle Bank Nat'l Ass'n, 2009 WL 426467, *12 (M.D. Ala. Feb. 17, 2009) (granting plaintiff's motion to remand where the "true gravamen of [plaintiff's] complaint [was] the unspecified amount of damages [plaintiff sought] as a result of alleged negligence and fraud associated with the procurement of the mortgage," despite complaint's request to enjoin a foreclosure action). Indeed, plaintiff's complaint alleges that she "consistently paid the agreed amount [of her monthly loan payment] through automatic bank remittance" and "performed all obligations to Defendants as per the [A]greement." Compl. ¶ 6, 10. Notably, defendants' opposition to the instant motion does not appear to contest these allegations, and instead places undue emphasis on the forms of plaintiff's requested relief—*i.e.*, her request for an injunction and declaratory relief regarding the lien against the Property.

Although plaintiff's allegations are not entirely clear, they largely appear to be analogous to those in Quiroga v. Bank of Am., N.A., in which the court found that the defendant failed to demonstrate that the amount in controversy exceeded $75,000 despite plaintiff's request for an injunction preventing foreclosure. 2015 WL 4747978 (C.D. Cal. Aug. 10, 2015). Here, as in Quiroga, "[p]laintiff is not in default, there has not been a notice of default filed, there is no pending foreclosure, and while the complaint mentions foreclosure, that is not its focus." Id. at *3; see also Ramirez v. JP Morgan Chase Bank, N.A., 2015 WL 5470298, at *2 (C.D. Cal. Sept. 17, 2015) ("[T]he Court cannot use the value of Plaintiff's property because there is no threat of foreclosure. Put another way, the property itself is not at issue in the litigation." (citing Steele v. J.P. Morgan Chase Bank, N.A., 2015 WL 4272276, at *3 (C.D. Cal. July 14, 2015))). Accordingly, because plaintiff "do[es] not seek to rescind the loan," but rather "continued to make the . . . loan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 5:15-cv-01621-CAS(DTBx) | Date | October 6, 2015 | |
| Title | MALAGUIT V. OCWEN LOAN SERVICING, LLC, ET AL. | | | |

payments and apparently seek[s] to enforce the loan on the [allegedly] agreed-upon terms," the amount in controversy "is not properly gauged by the loan amount or the property value." Landa v. Flagstar Bank, FSB, 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010).

### 2. Plaintiff's Request for Specific Performance

In addition to their contentions regarding the effects of seeking injunctive and declaratory relief, defendants also argue that plaintiff's claim for specific performance of the Modification Agreement "places in controversy the difference between the amounts due under the existing loan and the amounts due under the modified loan which Plaintiff seeks to enforce." Opp'n at 2. Specifically, defendants explain their argument as follows:

> [T]the terms of the Modification Agreement require Plaintiff to pay $1,562.05 every month, at 4% interest, for the period of January 1, 2014-December 1, 2053, or 479 months. Over the term of the loan, as modified, Plaintiff would be required to repay the total amount of $748,221.95 (i.e., $1,562.05 times 479 months). [Plaintiff] contends that Ocwen has instead been collecting $2,555.75 a month from July 2014, onwards. Using the same maturity date of December 1, 2053, pursuant to Plaintiff's allegations, Ocwen would be collecting $2,555.75 for 473 months, or the total amount of $1,208,869.75. Stated differently, the Complaint alleges that Ocwen is presently attempting to collect $1,208,869.75 over the life of the loan, when it should be collecting only $748,221.95 due to the Modification Agreement. The difference between the two amounts is therefore the amount in controversy.

Opp'n at 6-7 (citations omitted).

In support of their contention, defendants rely upon dicta in two recent district court opinions. See id. (citing Morales v. Select Portfolio Servicing, Inc., 2014 WL 6851435 (C.D. Cal. Dec. 2, 2014) ("Because Plaintiff alleges he was wrongfully denied a loan modification on several occasions, his damages would likely amount to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:15-cv-01621-CAS(DTBx) | Date | October 6, 2015 |
| Title | MALAGUIT V. OCWEN LOAN SERVICING, LLC, ET AL. | | |

difference between his existing loan and any modified loan to which he may have been entitled"); and Johnson v. Wells Fargo Home Mortgage, 2012 WL 1229880 (C.D. Cal. Apr. 11, 2012) ("[I]f a plaintiff asserts that he is entitled to a wrongfully denied loan modification, the amount put into controversy is the difference between the value of the existing loan and the proposed modified loan. While it is not clear precisely how that difference would be calculated, the Court need not reach that issue in this case.")).

Defendants' argument fails because, *inter alia*, it relies upon a mischaracterization of plaintiff's complaint. In brief, the complaint alleges (1) that plaintiff is entitled to mortgage payments of $1,562.05 per month, at 4% interest, for the 40-year life of the Modified Agreement; (2) that any charge over this amount constitutes a breach of the Modified Agreement's terms; and (3) that plaintiff should be entitled to specific performance of what she alleges are the Modified Agreement's terms. Thus, although defendants characterize plaintiff's complaint as contending "that Ocwen has . . . been collecting $2,555.75 a month from July 2014, onwards," Opp'n at 6, the complaint is far from clear as to this point. Plaintiff *does* clearly allege that defendants breached the Agreement in "June/July 2014 by charging $2,555.75 per month," but she *does not* allege that defendants have *continued to charge* this amount—or any other particular amount—in the twelve months between defendants' alleged breach and plaintiff's filing of the complaint. Indeed, Exhibit 1 to the complaint includes what appear to be bank statements indicating payments, labeled "Ocwen Mtg," for three different amounts, all above $1,562.05: $1918.82 on May 6, 2015, $1916.82 on June 6, 2015, and $2,555.76 on July 8, 2015. This comports with plaintiff's allegation that her "monthly mortgage and Escrow payments have been muddled as a result" of defendants' alleged breach of the Modification Agreement and alleged desire "to redo the executed loan agreement [that] they have breached." Compl. ¶ 24. Accordingly, defendants' calculations regarding the difference between the amounts due under the Agreement that Plaintiff seeks to enforce and any other alleged amount are based upon ambiguous language in the complaint and are, at best, highly speculative.

Crucially, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d 564, 566 (9th Cir.1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir.1988), Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 818 (9th Cir.1985), and Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir .1979)). "The 'strong presumption against removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 5:15-cv-01621-CAS(DTBx) | Date | October 6, 2015 | |
| Title | MALAGUIT V. OCWEN LOAN SERVICING, LLC, ET AL. | | | |

jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus, 980 F.2d at 566 (internal quotation marks omitted)); see also Sanchez, 102 F.3d at 404 ("Under this burden, the defendant must provide evidence that *it is more likely than not* that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." (emphasis added)). The Court must therefore resolve the complaint's significant ambiguity regarding the scope of defendants' alleged breach of the Agreement in favor of the plaintiff, and remand accordingly. See Sauer v. Prudential Ins. Co. of Am., 2011 WL 5117772, *1 (C.D.Cal. Oct. 28, 2011) ("The strong presumption against removal jurisdiction necessarily means that federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" (quoting Gaus, 980 F.2d at 566)); Haase v. Aerodynamics Inc., 2009 WL 3368519, *2 (E.D.Cal. Oct. 19, 2009) ("[I]f there is any doubt as to the right of removal in the first instance, remand must be granted").

### C. Request for Attorneys' Fees and Costs

Plaintiff states in her motion that she will "move the court for an order directing the defendant . . . to pay all costs the Plaintiff has incurred as a result of the[] removal of this action." Motion at 4. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, despite the Court's decision to remand the case to state court, defendants did not lack an objectively reasonable basis for seeking removal. Thus, to the extent plaintiff is requesting any costs or attorneys' fees associated with the filing of the instant motion, any such request is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| Case No. | 5:15-cv-01621-CAS(DTBx) | Date | October 6, 2015 |
|---|---|---|---|
| Title | MALAGUIT V. OCWEN LOAN SERVICING, LLC, ET AL. | | |

**V.     CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion, and **REMANDS** the case to the San Bernardino County Superior Court.

IT IS SO ORDERED.

                                                                         00  :  00
                                                    Initials of Preparer          CMJ